IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTOLIN ANDREWS,

    Plaintiff,                       No. CIV S-03-1218 WBS EFB P

    vs.

SANTOS CERVANTES, et al.,

    Defendants.                 ORDER AND FINDINGS & RECOMMENDATIONS

        /

    This action is brought by a prisoner, without counsel, suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. It was previously screened pursuant to 28 U.S.C. § 1915(g) and, as discussed below, dismissed. That dismissal was reversed and the case remanded by the Ninth Circuit for further proceedings. *See Andrews v. Cervantes*, 493 F.3d 1047, 1058 (9th Cir. 2007). Currently pending before the court is plaintiff's request for leave to proceed *in forma pauperis*, and the screening of his first amended complaint. For the reasons explained below, the court grants the request for leave to proceed *in forma pauperis*, and finds that although plaintiff states a claim for the violation of his rights under the Eighth Amendment, his demand for injunctive relief is moot.

////

////

1

**I.      Procedural History**

The court previously, on December 2, 2004, found that plaintiff was barred from bringing this action *in forma pauperis* based on 28 U.S.C. § 1915(g).[1]  In particular, the court found that plaintiff had on at least three prior occasions while a prisoner brought actions that had been dismissed as frivolous, malicious or for failure to state a claim; i.e. the so called "three strikes" rule.  Moreover, plaintiff had not demonstrated that he was under imminent danger of serious physical injury.  Therefore, this action was dismissed without any defendant having been served.  Plaintiff appealed.

Plaintiff appealed and the issue before the Ninth Circuit was whether he sufficiently had alleged that he was "under imminent danger of serious physical injury." *Andrews*, 493 F.3d 1050, 1052.  That court focused on the present tense of the language of 28 U.S.C. § 1915(g), specifically the first clause, i.e., "in no event shall a prisoner *bring* a civil action . . . . unless the prisoner *is* under imminent danger of serious physical injury." *Id.*, at 1052-53 (emphasis added).  Thus, the court found that "the availability of the exception [imminent danger] turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Id.*, at 1053.  Accordingly, neither the passage of time nor the transfer of a prisoner to a different facility has any impact on the determination of whether the exception to the rule applies. *Id.*
////

---

[1] In relevant part, this statute provides that:

> In no event shall a prisoner bring a civil action . . . under this section [authorizing *in forma pauperis* proceedings] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.*

1    Guided by these principles this court must now determine, pursuant to 28 U.S.C.
2 § 1915A, whether to grant plaintiff's request to proceed *in forma pauperis*, and determine
3 whether plaintiff states a cognizable claim for relief.  *See Andrews*, 493 F.3d at 1050 ("We
4 express no opinion on the proper treatment of the complaint once it is docketed--and quite
5 properly so, because the three-strikes rule is a screening device that does not judge the merits of
6 prisoners' lawsuits.")
7    On October 9, 2007, plaintiff filed an amended complaint.  Having reviewed the
8 amended complaint in some detail, the court finds that plaintiff sufficiently has alleged that he
9 "is under imminent danger of serious physical injury" for purposes of 28 U.S.C. § 1915(g) as
10 that provision is construed in *Andrews*, 493 F.3d at 105.  The amended complaint raises the same
11 claims related to housing and the spread of communicable diseases as the initial complaint.  As
12 in the initial complaint, it alleges that while housed within the California Department of
13 Corrections and Rehabilitation, he was placed with many other prisoners who carried contagious
14 diseases, such has Hepatitis C, HIV and tuberculosis.  Am. Compl., at 11-12.  He alleges that his
15 housing conditions included cell-mates who bathed themselves and chilled food items, such as
16 sodas and packages of meat, in toilets and who used plaintiff's personal hygiene products and
17 items without plaintiff's permission.  *Id.*, at 16.  He asserts that defendants are aware of these
18 facts and of the spread of disease, yet refuse to take any reasonable measures to shield plaintiff
19 from the risk of harm.  The court acknowledges that this is an amended complaint filed after
20 plaintiff was removed from the California Department of Corrections and Rehabilitations.
21 However, as explained above, § 1915(g) addresses the time a prisoner brings an action.
22 Accordingly, despite the passage of time and plaintiff's transfer away from the California prison
23 system, the court finds that at the time he brought this action, he was in "imminent danger of
24 serious physical harm."  If plaintiff makes the required financial showing, the court must permit
25 him to proceed in forma pauperis.  *Andrews*, 493 F. 3d at 105.
26 ////

**II.  Leave to Proceed *In Forma Pauperis***

Having examined plaintiff's declaration, the court finds that plaintiff makes makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

Plaintiff must pay the $350 filing fee. *See* 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff must make monthly payments of 20 percent of the preceding month's income credited to his trust account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid.

The court now turns to the question of whether plaintiff should be permitted to proceed on the merits of his claims.

**III.  Review Pursuant to 28 U.S.C. § 1915A**

Having reviewed the complaint in detail, the court finds that, for the limited purposes of § 1915A screening, the amended complaint states cognizable claims for damages against defendants Tilton, Trevino and Cervantes pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). The complaint also states claims against the "Doe" defendants. Thus, the court will not dismiss these defendants without giving plaintiff the opportunity to identify them in an amended complaint. *See Gillespie v. Civiletti*, 629 F.2d 637, 642-43 (9th Cir. 1980).

As the Ninth Circuit acknowledged, it is necessary to consider whether plaintiff's transfer to the state of Washington has rendered moot the claims for injunctive relief. *Andrews*, 493 F.3d at 1053, n. 5. In the amended complaint, as in the original, plaintiff seeks "an injunction against James E. Tilton in his professional capacity." Am. Compl., at 20. The court finds however, that this request for relief is moot. In order for a federal court to entertain an action, there must be an actual case or controversy. U.S. Const. Art. III, § 2, cl. 1. This means that a federal court may entertain cases that present live issues calling for the adjudication of "a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of

facts." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975).  Where the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome, there is no actual case or controversy and the matter is moot.  *Powell v. McCormack*, 395 U.S. 486, 496  (1969).

      Ordinarily, when a prisoner is removed from a prison, an action for injunctive relief challenging the conditions there becomes moot.  *Nelson v. Heiss*, 271 F.3d 891, 897 (9th Cir. 2001); *see also Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995) (prisoner's release from prison while his claims are pending ordinarily moots claims for injunctive relief relating to the prison's policies*).*  In order to proceed under such circumstances, the plaintiff must allege that the condition is "capable of repetition, yet evading review." *Dilley*, 64 F.3d at 1368.  The capable of repetition, yet evading review exception applies when the challenged action is of a duration too short to be fully litigated prior to its cessation and there is a reasonable expectation that the same complaining party will be subjected to the same action again. *Wiggins v. Rushen*, 760 F.2d 1009, 1011 (9th Cir. 1985).  Here, plaintiff was transferred outside the CDCR prison system to a jail in the state of Washington while this matter was on appeal.  Thus, whatever plaintiff's conditions of confinement may be now, this court cannot effectively remedy any constitutional violations by issuing an injunction to the Secretary of the CDCR.  Defendant Tilton simply has no authority to affect plaintiff's conditions of confinement in Washington.  Thus, there is no effective injunctive relief this court can order.  Neither is it clear that the conditions alleged in the complaint are capable of repetition yet evading review.  The Ninth Circuit notes that plaintiff is housed in a federal immigration detention facility yet plaintiff asserts that he still is in the "custody" of the CDCR.  *Andrews*, 493 F.3d 1047.  This court's record does not reveal the basis for federal immigrations officials' interest in plaintiff, whether he will return to California, and if he does return, whether he will return to California's prison system.  Thus, there is no basis for the court to find that this action is capable of repetition yet evading review.  For these reasons plaintiff's request for injunctive relief is moot.

////

The court must also consider how much time to give plaintiff to identify the "Doe" defendants and name them in an amended complaint. The Federal Rules of Civil Procedure and not the California Code of Civil Procedure's provision for Doe pleading control here. Ordinarily, a plaintiff must effect service of process within 120 days of the filing of the complaint. Fed. R. Civ. P. 4(m). The court *sua sponte* may dismiss complaint if process is not served within the time prescribed by Rule 4(m) of the Federal Rules of Civil Procedure. *Hason v. Medical Bd. of Cal.*, 279 F.3d 1167, 1174 (9th Cir. 2002). Accordingly, plaintiff must act with haste in identifying the fictitiously named "Doe" defendants.

For the reasons set forth above, it hereby is ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* is granted;

2. Service is appropriate for defendants Tilton, Trevino and Cervantes;

3. The Clerk of the Court shall send plaintiff three USM-285 forms, one summons, an instruction sheet and one copy of the October 9, 2007, pleading.

4. Within 30 days from service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit it to the court with the completed summons and USM-285 forms and four copies of the endorsed October 9, 2007, pleading;

5. Upon receipt of the necessary materials, the court will direct the United States Marshal to serve defendants Tilton, Trevino and Cervantes pursuant to Federal Rule of Civil Procedure 4 without payment of costs. Failure to comply with this order will result in a recommendation that this action be dismissed; and,

6. Plaintiff shall use diligence to identify the "Doe" defendants. Within 90 days of the date this order is served, plaintiff shall notify the court of the status of his efforts to identify, properly name and serve those parties.

Furthermore, it hereby is RECOMMENDED that plaintiff's request for injunctive relief against defendant Tilton be dismissed at moot.

////

1   These findings and recommendations are submitted to the United States District Judge
2 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days
3 after being served with these findings and recommendations, any party may file written
4 objections with the court and serve a copy on all parties.  Such a document should be captioned
5 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
6 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
7 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
8 Dated:  May 5, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTOLIN ANDREWS,

    Plaintiff,

vs.

SANTOS CERVANTES, et al.,

    Defendants.

No. CIV S-03-1218 WBS EFB P

NOTICE OF SUBMISSION OF DOCUMENTS

Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

    __1__    completed summons form

    __4__    completed forms USM-285

    __5__    copies of the __October 9, 2007__ First Amended Complaint

Dated:

                              Plaintiff