IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTOLIN ANDREWS,

    Plaintiff,                    No. CIV S-03-1218 EFB P

    vs.

SANTOS CERVANTES, et al.,

    Defendants.           <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This matter is now before the court on defendants' August 18, 2008, motion to dismiss. The motion argues that most of plaintiff's claims are untimely, and with respect to those that are timely, plaintiff failed to exhaust the available administrative remedies. For the reasons explained below, the court finds that the motion must be granted in part and denied in part.

**I.    Facts**

        Plaintiff filed his initial complaint on June 6, 2003. The action proceeds on his October 9, 2007, amended complaint in which plaintiff alleges that defendants violated his Eighth Amendment rights by housing him with a cellmate who had contagious diseases. In particular, plaintiff alleges that from the time he was incarcerated in 1987 until the time he filed his initial

1

complaint, the California Department of Corrections ("CDCR") had a practice of not screening incoming prisoners for infectious diseases and a practice of housing prisoners carrying infectious diseases with healthy prisoners. Amended Complaint (hereafter "Am. Compl.") at 8, 10, 11. He ascribes this policy to defendant Tilton and several "Doe" defendants who held the position of Director of the CDCR during part of the time plaintiff was in prison.[1] Am. Compl., at 7. He asserts that defendant Sergeant Trevino of California State Prison at Solano was deliberately indifferent to a serious risk of harm, i.e., contracting an infectious disease, by refusing to move plaintiff from a cell he shared with prisoners known to have "contagious diseases which could injure the plaintiff." *Id.* He alleges that Santos Cervantes was deliberately indifferent to the same risk of harm by refusing to permit plaintiff to be single-celled. *Id.* at 8, 17. Furthermore, he asserts, defendants knew plaintiff was housed with prisoners who either had, or would themselves contract, contagious diseases. *Id.* at 8.

Plaintiff alleges that the prisoners engaged in various unsanitary practices, such as bathing, washing their clothes and cooling drinks with toilet water. *Id.* at 16. He asserts that the failure to test prisoners for infectious diseases together with housing decisions resulted in his being placed with cellmates having contagious diseases. He alleges that from this exposure he contracted "two or more of those [infectious] diseases." Am. Compl., at 11. In particular, he contracted tuberculosis in 1987 while he was confined in a prison[2] that "previously [had] been placed on complete quarantine by officials on several occasions" because of tuberculosis outbreaks. Am. Compl., at 12, 13. Plaintiff further alleges that in 1990, he was exposed to an unidentified infectious disease and that at "some point between 1999 and 2002" he became

---

[1] The court gave plaintiff leave to file an amended complaint naming the Doe defendants. Order filed May 5, 2008.

[2] Plaintiff does not allege the particular prison where this occurred. He admits that defendant Tilton was not the Secretary of the California Department of Corrections at that time.

2

infected with Hepatitis.[3] Am. Compl., at 14. He claims to have been exposed to HIV, Hepatitis D, tuberculosis, Hepatitis C, and Helio Bacter Pylori. *Id.* at 18. At the time he filed his complaint he suffered from "some unidentified disease that has not been diagnosed," characterized by "strange lumps on the plaintiff's legs presently and there is some type of skin disease where there is welting and itching constantly with redness." *Id.*

In support of their contention that plaintiff failed to exhaust the available administrative remedies, defendants have submitted evidence that between February 24, 1998, and March 21, 2003, plaintiff submitted 40 grievances for consideration on the Director's Level of Review. Defs.' Mot. to Dism., Grannis Decl., Attach. 1. The categories into which prison officials placed the substance of plaintiff's grievances included staff, work incentive,[4] legal, medical, property, mail, living conditions, funds and disciplinary. *Id.* Defendants have submitted copies of some of the decision plaintiff obtained on the Director's Level of review. Most of these records are illegible. Based on the legible documents, the court finds that the grievances involved alleged misconduct on the part of a law librarian, conditions in his job assignment in silk screening, the provision of dental care, the adequacy of the law library, the availability of newspapers in the library, and a finding that he was guilty of battery on a peace officer and subjected to disciplinary action. Defs.' Mot. to Dism., Edwards Decl., Attach. A at unnumbered page 1, 4, 22, 26, 29, 44.

The parties agree that on April 9, 2003, plaintiff submitted a grievance complaining that he should not be housed with other prisoners because there was a high probability that he might be exposed to contagious diseases.[5] On May 15, 2003, Santos Cervantes returned the appeal to

---

[3] He seems to allege that he was confined at Wasco State Prison from 1990 through the time he contracted Hepatitis. *See* Am. Compl. 13-14.

[4] It is unclear what "work incentive" means.

[5] Plaintiff has submitted a copy of this appeal, but it is of such poor quality so as to be wholly illegible. Pl.'s Opp'n, Exh. B.

3

1 plaintiff on the ground that plaintiff "appeal[ed] something that has not affected him."  Pl.'s Mot.

2 for Jud. Ntc. in Supp. of Opp'n to Mot. to Dism., filed Sept. 2, 2008 (hereafter "Pl.'s Exhs."),

3 Exh. C.  Without submitting a copy of the response,[6] plaintiff states that he responded to

4 Cervantes with the following:

> Let me see if I can do this without calling you a moron.  The fact of housing persons who do not have disease with person who can catch diseases is immediately adverse to the inmate who does not have the disease.  My health has been affected by being housed with so many inmates who are infected with contagious diseases.

Pl.'s Exhs. at p. 6.  On May 19, 2003, Cervantes told plaintiff that he had to ensure that prisoners complied with all regulations concerning the appeals process, and instructed plaintiff to "[p]lease delete your reference to the Appeals Coord as a 'moron' and simply comply with the written instruction dated 5-15-03."  Pl.'s Exhs., Exh. B.  On May 20, plaintiff wrote to Cervantes that nowhere had he called Cervantes a "moron," and that in any event if he had the usage would have complied with an ordinary, dictionary use.  *Id*., Exh. E.  Cervantes responded that plaintiff should "refrain from unacceptable adjectives altogether," rejected the appeal for using inappropriate language and told plaintiff that he could resubmit the appeal if he would "[d]elete all references to the unacceptable adjective as previously instructed on 5-19-03."  *Id*., Exh. F.  Plaintiff insisted that his use of the word "moron" did not violate the prison regulatory scheme and refused to follow Cervantes' instructions.  *Id*., Exh. G.  Thus, on April 21, 2003, Cervantes rejected plaintiff's April 19, 2003, appeal on the ground that plaintiff "refused to correct inappropriate statement" in his appeal.  *Id.*, Exh. F.  Plaintiff concedes that the appeal of this issue ended at this time.

## II.  **Plaintiff's Motion to Strike**

In response to the defendants' motion to dismiss for failure to exhaust the available administrative remedies, plaintiff moved to strike their argument on the ground that it is

---

[6] Plaintiff asserts that a copy of the document is unavailable.  However, he concedes the facts of his conduct and defendants do not dispute it.

4

impertinent. *See* Fed. R. Civ. P. 12(f). Before responding to a pleading, a party may move for an order striking "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a motion made under Rule 12(f) is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Sidney-Vinstein v. A. H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). The Federal Rules of Civil Procedure distinguish between pleadings and motions. Pleadings are complaints, answers and replies. Fed. R. Civ. P. 7(a). All other papers are motions and requests, oppositions and, if authorized, replies to oppositions. Fed. R. Civ. P. 7(a); L. R. 78-230. Here, as noted, plaintiff moves to strike matter from defendants' motion to dismiss. Plaintiff cites no authority for striking the exhaustion argument from the motion, and the motion to strike is denied.

**III.     Motion to Dismiss Claims as Untimely**

Defendants move to dismiss all of plaintiff's claims that accrued before June 6, 2000, on the ground that they are barred by the statute of limitations. Defs.' Mot. to Dism., at 4. In particular, they argue that plaintiff's claims that he contracted tuberculosis[7] in 1987 and another, unidentified disease in 1990 are untimely. *Id.* He contends that all his claims are timely. Am. Compl., at 5-7; Pl.'s Mot. to Strike,[8] (hereafter "Pl.'s Opp'n") at 7. He contends that the continuing violation doctrine saves this action. Pl.'s Opp'n, at 10.

////

---

[7] Defendants state that plaintiff claims to have been exposed to hepatitis in 1987. Defs.' Mot. to Dism., at 4:3. Their reference to hepatitis appears to be a clerical error. The complaint alleges that "in 1987 the Plaintiff contracted tuberculosis," and that "even after infection with tuberculosis in 1987, the Department Directors still place [sic] him in close proximity to other diseases in 1990 . . . ." Am. Compl., at 12-14. As to hepatitis, he "claims that at some point between 1999 and 2002 the Plaintiff came into contact with the virus Hepatitis, an incurable virus that will always be with the Plaintiff and will show up in the Plaintiff's progeny." Id. at 14.

[8] Plaintiff's motion to strike also contains his opposition to the motion to dismiss. Therefore, the court refers to it as his "opposition."

5

### A. Standards on Motion to Dismiss Under Rule 12(b)(6)

A complaint may be dismissed for failure to state a claim upon which relief may be granted for one of two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir.1984). Where the complaint contains facts sufficient to determine whether an action is timely, the court may entertain a motion to dismiss under Rule 12(b)(6) on the ground that an action is barred by the statute of limitations. *See Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000) (district court may grant motion to dismiss an action as untimely "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled."). When considering a motion to dismiss, the court accepts as true all allegations of material fact in the complaint and construes them in the light most favorable to the nonmoving party. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir.1994).

Where, as here, the plaintiff proceeds without counsel the court holds the complaint to a less stringent standard than those drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court will not dismiss a complaint for untimeliness "unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995). However, the court may order dismissal with prejudice when amendment would be futile. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir.1996).

#### 1. <u>Statute of Limitations</u>

Section 1983 has no specific statute of limitations. Therefore, actions brought under it are subject to the statute of limitations for personal injury actions according to the law of the forum state. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Wilson v. Garcia*, 471 U.S. 261, 276 (1995); *Maldonado v. Harris*, 370 F.3d 945, 954-55 (9th Cir. 2004). California's statute of limitations for an action based on a personal injury was one year until January 1, 2003, when the

legislature extended it to two years. Cal. Civ. Pro. Code § 340(3) (West 1982); Cal. Civ. Pro. Code § 351.1 (West 2006). Federal law governs whether a new limitations period is given retroactive effect. *Jones v. Blanas*, 393 F.3d 918, 927, n. 4 (9th Cir. 2004). Under federal law, "'a newly enacted statute that lengthens the applicable statute of limitations may not be applied retroactively to revive a plaintiff's claim that was otherwise barred under the old statutory scheme.'" *Id.* (quoting *Chenault v. United States Postal Service*, 37 F.3d 535, 539 (9th Cir. 1994)). The forum state's law governs both statutory and equitable tolling. *See Hardin v. Straub*, 490 U.S. 536, 537-39 (1989); *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir. 1988). Until December 31, 1994, California prisoners who were serving a prison term of less than life at the time the cause of action accrued were entitled to have the limitations period tolled until the date they were released. Cal. Civ. Pro. Code § 352(a)(3) (West 1982). However, beginning January 1, 1995, such prisoners were entitled to up to two years' tolling as long as they were in prison. Cal. Civ. Pro. Code § 352.1(a) (West 2006). This tolling provision applies to actions by prisoners concerning the conditions of their confinement, or portions thereof, in which the plaintiff seeks to recover damages. Cal. Civ. Pro. Code § 352.1(c) (West 2006). Here, as noted, plaintiff alleges that defendants were deliberately indifferent in 1987 and in 1990. In light of the changes in California law, the court must determine which limitations and tolling provisions apply to each claim. In order to do this, the court must determine when plaintiff's causes of action accrued. Thus, the court turns to the question of accrual.

### a. **Accrual of Plaintiff's Claims**

"Aspects of § 1983 which are not governed by reference to state law are governed by federal rules conforming in general to common-law tort principles." *Wallace v. Kato*, 549 U.S. at 388. Federal law governs when a claim accrues under § 1983. *Id.*; *Maldonado*, 370 F.3d at 955; *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001). Generally under federal common-law principles, a claim accrues "when the plaintiff has 'a complete and present cause of action.'" *Id.* (quoting *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522

7

U.S. 192, 201 (1941)). In other words, absent some rule justifying a delay in the time of accrual, a claim accrues "when the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 389. In an action alleging injury resulting from defendants' deliberate indifference, the claim accrues when the prisoner knew or had reason to know of the defendants' deliberate indifference. *TwoRivers v. Lewis*, 174 F.3d 987, 992 (9th Cir. 1999). Federal law recognizes the principle that a continuing violation of one's rights will delay the time that a cause of action accrues. *See Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (noting that the continuing violation doctrine applies to actions brought under § 1983); *see also Jones v. Scribner*, 2009 WL 233915, at * 7-8 (E. D. Cal. Jan. 30, 2009)) (finding genuine issue of material fact about whether a continuing violation rendered timely a prisoner's claim of deliberate indifference to humane conditions of confinement). This principle, known as the "continuing violation doctrine," has the effect of permitting the limitations period to begin anew where there are "repeated instances or continuing acts of the same nature, as for instance, repeated acts of sexual harassment or repeated discriminatory employment practices." *Sisseton-Wahpeton Sioux Tribe v. United States*, 895 F.2d 592, 597 (9th Cir. 1990); *Airweld, Inc. v. Airco, Inc.*, 742 F.2d 1184, 1190 (9th Cir. 1984). Ordinarily, the doctrine applies where there is a system or practice of violating one's rights, or the alleged acts are so closely related as to constitute a continuing violation. *Knox*, 260 F.3d at 1013; *DeGrassi v. City of Glendora*, 207 F.3d 636, 645 (9th Cir. 2000). For the doctrine to apply, one or more of the injurious acts must have occurred within the limitations period. *Knox*, 260 F.3d at 1013; *DeGrassi*, 207 F.3d at 645. Allegations of a series of repeated "bad acts" by the defendant do not suffice. *Sisseton-Wahpeton Sioux Tribe*, 895 F.2d at 597. Neither do allegations of distinct instances of injurious conduct which have a continuing impact. *McDougal v. County of Imperial*, 942 F.2d 668, 674-75 (9th Cir. 1991). Thus, a plaintiff may demonstrate that the doctrine applies in one of two ways. *Douglas v. Cal. Dept. of Youth Authority*, 271 F.3d 812, 822 (9th Cir. 2001). He "may show a serial violation by pointing to a series of related acts against [him], of which at least one falls within the relevant period of limitations." *Douglas*, 271

F.3d at 822; *see also Jones v. Scribner,* 2009 WL 233915 at * 7 (E. D. Cal. Jan. 30, 2009) (series of related omissions, i.e., failure to repair the roof in the prison dining hall). Alternatively, a plaintiff may allege a "systematic policy or practice . . . that operated, in part, within the limitations period - a systematic violation." *Id.* (quoting *Morgan v. Nat'l RR Passenger Corp.*, 232 F.3d 1008, 1015-16 (9th Cir. 2000)). With these standards in mind, the court turns to the facts of this case.

Here, defendants assert that plaintiff brings separate claims which accrued at distinct times, i.e., deliberate indifference in 1987 and in 1990. Plaintiff alleges continual exposure to infectious diseases over time as a result of a policy that amounted to deliberate indifference. The mere fact of a policy, however, does not necessarily mean that he benefits from the continuing violation doctrine. He must have been exposed to it continually, with some exposure within the limitations period. *See Gutowsky v. County of Placer*, 108 F.2d 256, 260 (9th Cir. 1997) (finding that continuing violation doctrine applied in action under § 1983 where plaintiff adduced evidence of several "explicit experiences of discrimination" in support of her claim that she was entitled to relief based on a policy of gender discrimination over the course of about ten years). His allegation that he was exposed to and contracted tuberculosis in 1987 suffices to show that a cause of action accrued that year. However, he does not allege any other act of deliberate indifference, such as the denial of medical care for his tuberculosis, that is in any way connected to his contraction of tuberculosis. Furthermore, he has not alleged facts sufficient to find that he continually was subjected to deliberate indifference with respect to the effect the conditions of confinement had on his health from 1987 until sometime into the limitation period. While he alleges that he was exposed to a disease in 1990, he does not allege that he contracted any disease as a result of this exposure. Neither does he allege any facts about the circumstances in which the exposure occurred, i.e., living with an infected cellmate, a stay in the prison infirmary, or an attack by a fellow prisoner on the yard, any of which could have resulted in the passing of an infectious disease. Thus, insofar as plaintiff seeks to rely on two individual instances of

9

exposure to infectious diseases to show a continuing violation of his rights, he has failed to allege facts adequate for the court to find that each instance renewed the commencement of the limitations law. Instead, plaintiff alleges two apparently isolated instances of exposure to this policy over a 20-year period. This does not satisfy the Ninth Circuit's standard of continuity of the violation, or here, continual exposure. Therefore, the continuing violation doctrine has no application here. Thus, the court turns to the question of whether the individual violations he claims are time-barred.

### b. Claim of Deliberate Indifference in 1987

In order to determine whether this claim is timely, the court must determine the applicable limitations period and tolling provision. As noted, this cause of action accrued in 1987, when the limitations period was one year. Plaintiff argues that he is entitled to tolling for the entire time he was incarcerated. Pl.'s Opp'n, at 7-9. He argues that before 1995, California law entitled those serving a prison term of less than life at the time the cause of action accrued to tolling for the duration of imprisonment. However, California's two-year tolling statute, effective January 1, 1995, "applies retroactively as long as a plaintiff had a reasonable time after January 1, 1995 to bring suit." *Fink v. Shedler,* 192 F.3d 911, 915 (9th Cir. 1999). Thus, claims that "accrued before January 1, 1995 are tolled for two years from accrual, or until January 1, 1995, whichever occurs later, as long as such an application does not result in manifest injustice." *Id.*, at 916. Manifest injustice is present when giving this effect to the tolling provision leaves an unreasonably short amount of time for a prisoner to commence suit. *Id.*, at 915; *see also Johnson v. State of California*, 207 F.3d 650, 654 (9th Cir. 2003). Accordingly, granting plaintiff tolling until January 1, 1995, and applying the one-year limitations period, he had to bring suit no later than January 1, 1996. This gave plaintiff one year after about seven years' tolling to bring this claim. The court finds that this is a reasonable amount of time and does not result in manifest injustice. Under this scheme his claim was time barred by January 1, 2003. He did not bring this claim until June 6, 2003, and defendants' motion on this ground

must be granted.

### c. **Claim of Deliberate Indifference in 1990**

As to plaintiff's claim that in 1990 prison officials were deliberately indifferent, resulting in his exposure to infectious diseases while housed in Wasco State Prison, the court has found that his cause of action, if any, accrued in 1990. Applying the law set out above and granting plaintiff tolling until January 1, 1995 and applying the one-year limitations period, he had to file suit by January 1, 1996. A period of one year to file suit and five years' tolling is more than a reasonable amount of time to file suit and does not result in manifest injustice. The claim was stale by January 1, 2003, and plaintiff does not benefit from the new limitations period. Plaintiff did not file suit until June 6, 2003, and his claim is time-barred. Accordingly, defendants' motion to dismiss this claim as untimely must also be granted.

## IV.  Failure to Exhaust

Because plaintiff's claims are time-barred, the court need not reach defendants' exhaustion argument as to those claims.[9] However, plaintiff also asserts claims that the defendants were deliberately indifferent to his alleged exposure to infectious diseases from through 1999 through 2002. It is rather apparent that plaintiff pursued the administrative appeal process as to these claims to the extent that he was permitted. He submitted a grievance complaining that he was in danger of becoming ill because of exposure to fellow prisoners with contagious diseases. Cervantes initially rejected the appeal. He concluded that plaintiff had not demonstrated any adverse affect on his welfare and requested specific information. Plaintiff responded with a very rational explanation for why he believed he had articulated an adverse affect. However, because plaintiff prefaced his comment with the argumentative statement "[l]et me see if I can do this without calling you a moron," he was not permitted to pursue the

---

[9] Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a)

11

administrative process any further.  Curiously, use of the word "moron" became the focus of their exchange.  At least twice, Cervantes instructed plaintiff to re-submit the grievance without using the word "moron."  Plaintiff refused to delete the word and Cervantes rejected plaintiff's appeal.[10]  Cervantes based his rejection of the appeal on Cal. Code Regs. tit. 15, § 3084.4(b), which provides that the use of "inappropriate statements," i.e., "an appeal containing false information, or profanity or obscene language" constitutes an abuse of the appeals system and "shall be rejected."  A prisoner's appeal may be rejected if it "constitutes an abuse of the appeal process pursuant to section 3084.4."  Cal. Code Regs. tit. 15, § 3084.3(c)(8).  However, prison officials may not reject a grievance under section 3084.4(b) simply because of a prisoner's "unhappy choice of words."  *Bradley v. Hall,* 64 F.3d 1276, 1279 (9th Cir. 1999).  The sentence in which plaintiff used the word "moron" cannot fairly be considered profane or obscene and plaintiff did not abuse the appeals system.  He pursued the administrative process and exhausted each step that he was permitted to complete.  That he was improperly prevented from proceeding further is not a basis for finding that he failed to satisfy section 1997e(a).  Accordingly, the court finds that plaintiff exhausted the available administrative remedies.

**V.    Amendment Pursuant to 42 U.S.C. § 1997e(c)**

The court has found that plaintiff exhausted any claim he has about defendants' deliberate indifference resulting his exposure to infectious diseases from through 1999 through 2002.  In a non-prisoner case, the court ordinarily would direct defendants to answer the amended complaint as to the remaining claims.  *See* Fed. R. Civ. P. 12(a)(4).  However, plaintiff was a prisoner when he commenced this action; and, therefore, the Prison Litigation Reform Act

////

////

---

[10] Cervantes instructed plaintiff that he must refrain from "unacceptable adjectives altogether."  Pl.'s Opp'n, Exhs. E & F.  That the objectionable word is a noun, while notable, is ultimately beside the point.  Nothing in the sentence justified barring access to the appeal process.

12

("PLRA") applies.[13]   The PLRA provides that:

> The court *shall* on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

42 U.S.C. § 1997e(c)(1) (emphasis added).

The court has reviewed plaintiff's complaint for purposes of section 1997e(c)(1) and finds that it fails to state a claim for relief based on the allegation that between 1999 and 2002, plaintiff was exposed to and contracted hepatitis as a result of defendants' deliberate indifference. Section 1983 creates a cause of action against any person who, under color of state law, deprives a citizen or person within the jurisdiction of the United Sates of a constitutional right. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48-49 (1988). The Eighth Amendment prohibits deliberate indifference to conditions of confinement that violate contemporary standards of decency, i.e, those which deny "the minimal civilized measure of life's necessities," or which pose a risk of a harm "that is not one today's society chooses to tolerate." *Rhodes v. Chapman*, 452 U.S. 337 (1981); *Helling v. McKinney*, 509 U.S. 25, 36 (1993); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The Eighth Amendment requires that the conditions of a prisoner's confinement, even if harsh, have some legitimate penological purpose. *See Hudson v. Palmer*, 468 U.S. 517, 584 (1984); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Conditions of confinement violate the Eighth Amendment if they cause unnecessary and wanton infliction of

---

[13] Plaintiff was released from prison while this action was pending. However, this court applies § 1997e(c)(1) because plaintiff was a prisoner at the time he filed the initial complaint. Other provisions of section 1997e focus on a plaintiff's status at the time of filing. Thus, a plaintiff must exhaust the available administrative remedies, but only if the plaintiff is a prisoner at the time of filing. *Greig v. Goord*, 169 F.3d 165, 167 (2d Cir. 1999). Similarly, the applicability of the personal injury requirement of 42 U.S.C. § 1997e(e) turns on the plaintiff's status as a prisoner, not at the time of the incident, but when the lawsuit is filed. *Harris v. Garner*, 216 F.3d 970, 974-975 (11th Cir.2000). There is no basis for treating § 1997e(c)(1) any differently.

13

pain, i.e., a condition completely devoid of penological justification. *Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981); *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991). Thus, acts or omissions amounting to deliberate indifference which cause injury to a prisoner's health are actionable under § 1983. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To be deliberately indifferent, a prison official must know of, or infer from the circumstances, a risk of harm or injury that "is not one that today's society chooses to tolerate," yet fail to take reasonable actions to mitigate or eliminate that risk. *Farmer*, 511 U.S. at 837.

With respect to the allegation that defendants were deliberately indifferent between 1999 and 2002, plaintiff's allegations are vague. He alleges that he "came into contact with the virus Hepatitis, an incurable virus that will always be with the Plaintiff and will show up in the Plaintiff's progeny." Am. Compl., at 14. As noted above, he alleges unsanitary practices by fellow prisoners, such as using toilet water to wash clothing, to bathe, and to cool sodas and meat. *Id*. at 16. He also alleges that he did not engage in behaviors that would have put him at risk of contracting the disease. *See Id.* at 13. Only three defendants, Tilton, Trevino and Cervantes, have been served.[14] Plaintiff does not specifically allege that they violated his rights between 1999 and 2002. Neither does he allege the time period during which Tilton was the Secretary of the CDCR. While he alleges that Cervantes and Trevino worked at Solano State Prison while he was confined there, he does not allege that he was at Solano from 1999 through 2002.[15] In fact, plaintiff seems to allege that he was confined at Wasco State Prison during this time. This court must construe plaintiff's amended complaint "liberally" to determine if it states a claim, and before recommending dismissal with prejudice it must inform plaintiff of the

---

[14] The court gave plaintiff an opportunity to identify the "Doe" defendants and to file an amended complaint. *See* Order filed May 5, 2008. He failed to do so.

[15] As noted elsewhere in this order, plaintiff alleges that he was subjected to inhumane conditions of confinement during his 20 years in prison. He alleges that he was confined in at least ten different facilities within the California Department of Corrections and Rehabilitations. Am. Compl., at 8. This is why, plaintiff says, he named hundreds of "Doe" defendants who allegedly worked in various facilities during his 20 years of confinement.

pleading's deficiencies. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007) (citations omitted). Here, there allegations are insufficient to give notice of who engaged in acts or omissions that resulted in plaintiff's contracting Hepatitis. Therefore, plaintiff's right to relief against Tilton, Trevino and Cervantes is speculative. In order to proceed with this claim, plaintiff must file an amended complaint. *See Carroll v. Lee*, No. C08-975 RSL BAT, 2009 WL 159232, at *5-6 (W. D. Wash. Jan. 22, 2009) (dismissing with leave to amend under 42 U.S.C. § 1997e(c)(1)).

In filing an amended complaint, plaintiff must bear in mind certain rules. The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff must set forth his claims in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must not include any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1177. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review

required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions. Therefore, any amended complaint must state precisely what each named defendant did, or deliberately failed to do, that constitutes deliberate indifference to a serious medical need during the time period here in issue. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

**VI. Conclusion**

For the reasons explained above, the court finds that plaintiff's claims that defendants were deliberately indifferent in 1987 and 1990 are barred by the statute of limitations and the claims must be dismissed with prejudice. The court has, *sua sponte*, examined the amended complaint pursuant to 42 U.S.C. § 1997e(c)(1), and finds that it fails to state a claim that any identified defendant was deliberately indifferent to his need for minimally civilized conditions of confinement under the Eighth Amendment. Therefore, plaintiff must file a second amended complaint if he wishes to proceed.

In accordance with the above, it hereby is ordered that:

1. Plaintiff's September 2, 2008, motion to strike is denied;

2. Defendants' August 18, 2008, motion to dismiss on the ground that plaintiff's claims are barred by the statute of limitations is granted.

3. Plaintiff has 30 days from the date this order is filed to file and serve an amended complaint. The purpose of amendment is to cure the deficiencies in the October 9, 2007, amended complaint. Therefore, the court will not entertain claims based on facts unrelated to plaintiff's core allegation that deliberate indifference resulted in him contracting infectious diseases.

4. Plaintiff shall file an original and one copy of the amended complaint, which must bear the docket number assigned to this case and be titled "Second Amended Complaint."

16

Failure to file an amended complaint within 30 days will result in this action being dismissed for failure to state a claim.

Dated: March 24, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE