IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTOLIN ANDREWS,

      Plaintiff,                          No. CIV S-03-1218 EFB P

      vs.

SANTOS CERVANTES, et al.,

      Defendants.           ORDER

_____/

      Plaintiff is a former prisoner without counsel seeking relief for alleged civil rights violations. *See* 42 U.S.C. § 1983. This case is before the undersigned pursuant to the parties' consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(1)-(2).

      On January 10, 2011, defendants filed a motion to dismiss, or in the alternative, motion to compel. *See* Dckt. No. 86. On February 2, 2011, the court ordered plaintiff to file an opposition or a statement of no opposition to defendant's motion. That order was mistakenly sent to an individual in an unrelated case. The court re-served the order on plaintiff on March 8, 2011, granting him fourteen days from the date of the re-service to comply. The court warned plaintiff that failure to comply with the order might result in the dismissal of the case.

      The fourteen days have passed and plaintiff has not filed an opposition or a statement of no opposition and has not otherwise responded to the February 2, 2011 order. A party's failure

1

1 "to file written opposition or to file a statement of no opposition may be deemed a waiver of any
2 opposition to the granting of the motion and may result in the imposition of sanctions." L. R.
3 230(l).  Failure to comply with any order or with the Local Rules "may be grounds for
4 imposition by the Court of any and all sanctions authorized by statute or Rule or within the
5 inherent power of the Court."  L. R. 110.  The court may dismiss this action with or without
6 prejudice, as appropriate, if a party disobeys an order or the Local Rules.  *See Ferdik v. Bonzelet*,
7 963 F.2d 1258, 1263 (9th Cir. 1992) (district court did not abuse discretion in dismissing *pro se*
8 plaintiff's complaint for failing to obey an order to re-file an amended complaint to comply with
9 Federal Rules of Civil Procedure); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988)
10 (dismissal for *pro se* plaintiff's failure to comply with local rule regarding notice of change of
11 address affirmed).  Here, the appropriate sanction is dismissal without prejudice.
12         Accordingly, it is ORDERED that this action be dismissed without prejudice.  *See* Fed.
13 R. Civ. P. 41(b).
14 Dated:  April 12, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2